**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

THE WILLIAM POWELL COMPANY,                     Case No. 1:21-cv-522

                Plaintiff,                     Hopkins, J.
                                  Bowman, M.J.

     v.

AVIVA INSURANCE LIMITED, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

On June 20, 2023, the presiding district judge referred the resolution of all non-dispositive matters to this magistrate judge. (Doc. 103). Six non-dispositive motions are pending, along with a document filed as a Notice that seeks an informal discovery conference. Oral argument was heard on August 8, 2023.

**I.      Background**

This case arises from past and ongoing liability claims made against Plaintiff, The William Powell Company ("Powell"), for tens of millions of dollars in asbestos-related personal injuries ("asbestos litigation") and Powell's attempts to obtain defense and indemnity insurance coverage from Defendant Aviva Insur. Ltd. ("Aviva"). Although Powell began this breach of contract and declaratory judgment suit two years ago, the lawsuit remains in its infancy.

When Powell filed suit, Aviva and related defendants moved to dismiss. Four and a half months after initiating suit, Powell filed an amended complaint omitting the related

defendants. (*See* Doc. 43). A group of Settling Insurers[1] filed cross-claims. Aviva filed a new motion to dismiss on January 6, 2022. Briefing on that second motion to dismiss, which remains pending, was completed on March 7, 2022.[2]

Most of the non-dispositive motions relate to Powell's attempts to move this case forward through discovery, and Aviva's objections thereto. To provide context, the undersigned first summarizes issues central to Powell's amended complaint and Aviva's motion to dismiss.[3]

**A. The Amended Complaint and Aviva's Motion to Dismiss (Docs. 43, 56)**

Powell has long been engaged in asbestos litigation, for which it alleges it is covered by insurance policies dating from 1955 to 1977 ("Policies"). From 2001 through mid-2019, Powell received coverage for the asbestos litigation from Bedivere Insurance Company ("Bedivere"), an entity that stated it was a successor to the company that sold the Policies ("Selling Insurer"). (Doc. 43 at ¶¶38-41). But in 2019, Bedivere stopped providing coverage. (*Id.* ¶ 42). On March 11, 2021, Bedivere entered into liquidation

---

[1]Four insurers are named as nominal parties, including United States Fire Ins. Co., Hartford Accident and Indemnity Co., Great American Ins. Co. of New York and Great American E&S Ins. Co., and State Auto Mutual Ins. Co. (together the "Settling Insurers."). Powell asserts no claims against the Settling Insurers because all made payments under their own policies pursuant to a Settlement and Allocation Agreement with Powell. All Settling Insurers have filed cross-claims for subrogation and/or contribution. (*See* Doc. 43 at ¶49, Docs. 44, 45, 48, 65). State Farm's answer and cross-claims were filed *after* Aviva filed its second motion to dismiss.

[2]The Court regrets the confluence of factors that have led to delays in resolution of the long-pending motion to dismiss, including pandemic-related backlogs, and administrative factors that required the transfer of this case between judges.

[3]All pending motions are extensively briefed. The parties' memoranda on the motion to dismiss alone total 135 pages, and include another 170 pages in exhibits. This summary offers no more than a birds-eye view of multiple complex issues, and necessarily omits many.

proceedings, leaving "approximately $27 million in remaining indemnity limits under the Policies, and at least double that amount in remaining defense dollars." (*See id.* ¶ 43).

Powell identifies the Selling Insurer as General Accident Fire and Life Assurance Corp. Ltd. ("General Accident"), and concludes that in addition to Bedivere, Defendant Aviva is <u>also</u> a successor, alleging that Aviva "is jointly and severally obligated with Bedivere to provide defense and indemnity coverage." (*Id*. ¶44). Aviva's motion to dismiss denies that it is a successor to the Selling Insurer, which Aviva maintains was a separate entity that it calls the "US Branch."

Aviva's motion seeks dismissal under Rule 12(b)(2) for lack of personal jurisdiction, but alternatively seeks dismissal under Rule 12(b)(6) or to stay proceedings based on the ongoing Bedivere liquidation. Key dispositive issues include: (1) whether General Accident and its US Branch were separate entities; (2) whether a 1981 sale and merger involving General Accident's U.S. operations terminated any potential liability; (3) whether Powell states a claim under Rule 12(b)(6); and (4) whether *Burford* abstention doctrine applies.[4]

### 1. Whether General Accident and US Branch were Separate Entities

The amended complaint alleges that Aviva is a "successor" and "the same legal entity" as the Selling Insurer, or that "it agreed to assume" that entity's obligations in a "de facto merger" or "mere continuation" of the original insurer. (*Id*. ¶¶ 1-2, 15-16). Powell alleges that during the period in issue, General Accident was a "global" insurance

---

[4]*Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098 (1943).

company based in Scotland that "sold policies in the United States to policyholders in its own name and in the name of certain of its wholly owned subsidiaries." (*Id*. ¶¶ 28-29; *see also id*. ¶¶2, 20). The complaint states that "General Accident issued the Policies to Powell directly." (*Id*. ¶29).

Aviva does not dispute a successor relationship with the Scottish entity, General Accident. But its motion to dismiss maintains that the Selling Insurer was a separate entity, the US Branch. Based on its position that it is not a successor to the US Branch and has no contacts with the State of Ohio, Aviva seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2).

The parties partly rely on different language in the Policies to support their positions. But Aviva primarily argues that U.S. law defines the affiliated US Branch as a separate entity created under New York law to conduct business in the U.S. (Doc. 56 at PageID 732).[5] Aviva maintains that under controlling law, "[t]he U.S. branch of an alien insurer cannot be held liable for the actions of an alien insurer, or vice versa." (*Id*. at PageID 757 and n.14; *see also id*. at PageID 753-759). Powell disputes that authority, (Doc. 64 at PageID 898), and cites to other authority that it claims disproves Aviva's "separate entity" contentions. (*Id*. at PageID 913-921).

### 2.  The 1981 Domestication Agreement

The amended complaint further alleges that General Accident "apparently decided" to exit the U.S. market beginning in 1981 with a "purported" transfer of U.S.

---

[5]Aviva supports its motion with exhibits that allegedly contain facts that can be judicially noticed by this Court despite the limited scope of review under Rule 12, Fed. R. Civ. P. (*See* Docs. 57, 58).

assets to Potomac Insurance Company ("Potomac") which eventually became Bedivere. (*See generally*, Doc. 43 at ¶ 30, Doc. 56 at 18). Even if this Court disagrees that the US Branch was a separate entity, Aviva argues that the domestication of its US Branch and merger with Potomac in 1981 "conclusively terminated" any liability "that could theoretically have succeeded to" Aviva. (Doc. 56 at PageID 759).

But Powell insists that under principles of contract law, Aviva could not "relieve itself of its contractual liabilities to Powell simply by contracting" to sell the assets and liabilities of its US Branch "without obtaining Powell's consent." (Doc. 64 at PageID 898, 921-927). And Powell denies giving consent. Both Powell and Aviva insist that the law is in their favor.

### 3. Rule 12(b)(6) issues and *Burford* Abstention

The above two issues are central to Aviva's argument that this Court lacks personal jurisdiction over it under Rule 12(b)(2). The remaining two issues – whether Powell has included sufficient allegations to state a claim under Rule 12(b)(6), and whether *Burford* abstention doctrine applies in the face of the ongoing proceedings in state court, involve closely related issues but separate legal doctrines. For example, under Rule 12(b)(6), Aviva argues that Powell has failed to plausibly allege the existence of privity of contract with Aviva through the lack of viable facts that would support a successor relationship, or alter ego or de facto merger. Powell counters that it has pleaded more than minimal facts to state plausible claims.

In the alternative, Aviva argues that a stay under the *Burford* abstention doctrine is warranted based on ongoing Bedivere liquidation proceedings in Pennsylvania, in

which Powell and the cross-claimants have submitted claims. (See Doc. 72 at PageID 1072). Aviva contends that the rights of all policyholders first must be decided within the Liquidation. But Powell argues that abstention is inappropriate because Aviva is a different (and solvent) company; Powell contends that *Burford* abstention would apply only if Powell were seeking relief in this Court from Bedivere.

To sum up, Bedivere was an admitted successor to the Selling Insurer and defended the claims from 2001 to 2019. And it is clear that General Accident or an affiliate[6] sold the Policies to Powell. But the parties disagree about whether the Policies were sold by a separate entity (US Branch), the effect of the 1981 Domestication agreement and merger, and whether Aviva is an additional successor to the Selling Insurer with independent liability.

### B. Proceedings Before the Undersigned

The recent referral of non-dispositive matters is the second referral to the undersigned. Approximately five months after completion of briefing on the pending motion to dismiss, Judge McFarland referred a discrete discovery dispute for the "limited purpose" of resolving that dispute. (Notation Order of 8/2/22). On September 14, 2022, the undersigned held a telephonic conference on Powell's "Oral Request for an Order Directing the Parties to Conduct Rule 26(f) Conference." That same day, the Court

---

[6]Based on its position that its US Branch was a separate entity, Aviva denies that the Scottish entity known as General Accident ever sold insurance in the U.S. In contrast, Powell insists General Accident itself *and* its affiliates sold in the U.S.

6

ordered the parties "to conduct the Rule 26(f) conference on or before 10/31/2022." (Minute Order).[7]

The parties held their Rule 26(f) meeting and filed a report. (Doc. 77). On December 21, 2022, the case was reassigned to newly appointed U.S. District Judge Jeffery P. Hopkins. (Doc. 80). For reasons that remain unclear, Judge McFarland entered a Calendar Order a week later.[8]

On June 20, 2023, Judge Hopkins referred all non-dipositive matters to the undersigned, reserving only dispositive motions to himself. (Doc. 103). At the time, six non-dispositive motions were pending, along with a Notice that is construed as a motion.

## II.    Analysis of Referred Matters

Because many of the motions are based in part on the parties' differing recollections of the September 14, 2022 telephonic hearing and Minute Order, the undersigned begins by clarifying the scope of that Order.

### A.  The September 14, 2022 Order

Powell contends that during the telephonic conference, the undersigned chastised Aviva and determined that no stay of discovery was warranted.[9] (*See*, *e.g.*, Doc. 84 at

---

[7]Soon after, Judge McFarland denied Defendants' first motion to dismiss as moot, leaving pending Aviva's motion to dismiss the amended complaint. (Doc. 76).

[8]The Calendar Order references the "agreement of the parties" but the parties did not submit agreed dates; the Calendar Order sets forth dates not listed in the Rule 26(f) report. (Doc. 81).

[9]The Rule 26(f) report suggests that Aviva perceived the Court to have "ordered" the parties "to proceed with discovery while Aviva's Omnibus Motion to Dismiss…is pending." (Doc. 77 at PageID 1161). But the same report lays out fundamental disagreements about the *timing* of discovery, including Powell's report that the parties "were unable to arrive at any unanimously agreed upon dates…because Powell and the Settling Insurers believe…that discovery should begin now, whereas Aviva wants to continue to delay the start of discovery" until January 30 or after resolution of its motion to dismiss. (Doc. 77 at PageID 1157).

PageID 1185). Aviva's recollection differs. (*See* Doc. 85 at PageID 1194, n.2). The conference was not recorded.[10] And the undersigned has no independent recollection of the precise words used nearly a year ago. But not every comment made during an informal telephonic conference becomes a judicially enforceable Order. Rather, the Court's enforceable ruling is confined to the language of its Minute Order.[11]

The written record does not contain a pre-emptive request by Powell to preauthorize all future discovery. Instead, Judge McFarland specifically referred for a "limited purpose" the matter of Powell's June 2022 informal letter request to order Aviva to participate in a Rule 26(f) conference. The undersigned cannot rule on matters not referred. The parties' emails, forwarded upon the referral, focus on whether Aviva must participate in a Rule 26(f) conference. (*See* June 24, 2022 request by Powell for assistance, Docs. 85-1, 88-2). True, Aviva explains its opposition to the Rule 26(f) conference on grounds that all discovery is premature, but the immediate issue presented to the Court for ruling was whether to direct the parties to meet and confer under Rule 26(f) immediately as Powell requested or to delay that meeting until 21 days after a ruling on the Motion to Dismiss as Aviva proposed.

Having summarized dispositive issues that inform the non-dispositive rulings and having clarified the scope of the September 14, 2022 Minute Order, I turn to the pending motions.

_____

[10]Neither party requested that the conference be recorded. In contrast, the recent telephonic hearing was recorded at Aviva's request.
[11]A Minute Order is a summary order that memorializes a court ruling. Neither party objected to the order at the time it was entered or moved for amendment of its language.

**B.  Joint Motions for an Extension of Time and for a Protective Order**

Soon after entry of the Calendar Order, the parties sought an extension of the stated deadline for submission of a protective order, explaining that they were working on a draft but had "not yet reached agreement on its terms." (Doc. 82). On January 30, 2023, the parties filed a "Joint Motion for Protective Order" that offers competing versions due to a continued lack of agreement. (Doc. 86). The Court will sign Aviva's proposed version of the Protective Order.

**C.  Aviva's Notice/Construed Motion for a Discovery Conference (Doc. 83)**

Next up is Aviva's January 13, 2023 Notice, construed as a motion seeking a discovery conference.

In December 2022 (after the Rule 26(f) report was filed identifying grave disagreements about the timing of discovery, but before entry of the Calendar Order), Powell served its written discovery requests. Aviva first requested more response time. Then, on January 10 (at which point a Calendar Order had been entered), Aviva asked Powell and the cross-claimants to stay discovery pending resolution of the motion to dismiss. Powell and the cross-claimants refused. Still, Aviva did not provide substantive responses. Instead, on January 13, 2023, Aviva filed a letter docketed as a "Notice." In the letter, Aviva seeks an informal telephonic conference with newly assigned Judge Hopkins under Local Rule 37.1 "to resolve a discovery dispute" that Aviva identifies as "whether discovery should proceed…while Aviva's Motion to Dismiss is pending." (Doc. 83).

The letter informally advocates for a stay of discovery pending resolution of Aviva's motion to dismiss but alternatively seeks leave to file a formal motion for a protective order staying discovery should the Court decline to hold an informal conference. (Doc. 83 at PageID 1180, n.2). Powell and cross-claimants filed a memorandum in opposition, objecting to the Notice as a "belated and unacknowledged appeal" of the undersigned's September 2022 Minute Order and as procedurally improper under local rules, but also explaining that "for the sake of efficiency" they "*have elected to treat Aviva's improperly-filed letter as a motion in lieu of moving to strike the same and prompting Aviva to re-file at a later date.*" (Doc. 84 at PageID 1184 n.1, emphasis added). In a reply memorandum, Aviva maintains that it fully complied with the Minute Order and insists that its Notice complies with Local Rule 37.1. (Doc. 85).

Aviva's reliance on Local Rule 37.1 is misplaced. Consistent with Federal Rule of Civil Procedure 37, the first sentence of the local rule requires the parties to fully exhaust extrajudicial efforts to resolve any dispute before filing "[o]bjections, motions, applications, and requests relating to discovery" of record. In relevant part, the second sentence states that "in lieu of immediately filing a motion…. any party may first seek an informal telephone conference." *Id.* That the second sentence does not repeat the terms "applications" or "requests" does not mean that a party seeking an <u>informal telephone conference</u> should file a Notice of record.[12] Instead, the party seeking the informal

---

[12]Aviva's decision to file a "Notice" contributed to the lack of any acknowledgment by the Court. A "Notice" typically connotes clerical actions such as a change of address. Only a motion alerts the Court that judicial action is requested.

conference should review the standing orders of the judge overseeing discovery and - unless some other procedure is specified - contact his or her courtroom deputy clerk by telephone or email.[13] Aviva cannot claim ignorance since the same process was used in June 2022, when the parties emailed letters to Judge McFarland's chambers concerning Powell's request for an order requiring Aviva to participate in a Rule 26(f) conference.

But in the end, Aviva's procedural error in filing a Notice rather than complying with LR 37.1 or filing a motion is irrelevant, because the parties construed and briefed the "Notice" as a motion. Through the hearing held on August 8, 2022, the undersigned has belatedly granted Aviva's construed motion for a discovery conference to resolve whether discovery should proceed before disposition of its pending Motion to Dismiss.

### D. Aviva's Motion for Leave to Supplement the Record (Doc. 91)

On May 2, 2023, Aviva moved for leave to supplement the record with additional exhibits to support its pending Motion to Dismiss, including executed copies of documents related to the 1981 "Domestication Agreement" and merger between what Aviva calls its US Branch and Potomac. Powell opposes the supplemental exhibits on three grounds: (1) because Aviva did not timely produce them earlier including in response to Powell's discovery requests; (2) because Aviva did not seek the agreement of counsel before filing its motion; and (3) because the documents are "irrelevant to Aviva's personal jurisdiction

---

[13]Because Judge Hopkins was newly appointed when Aviva sought the conference, he had not yet published civil standing orders. His current standing order states: "If the parties are unable to resolve the dispute between themselves, then they must contact the Court's Courtroom Deputy, Karli Colyer, by phone ((513)564-7540) or email (Hopkins_Chambers@ohsd.uscourts.gov), and the Court will schedule a telephone conference with all counsel as soon as possible." The standing orders of Judge McFarland are virtually identical, as are those of the undersigned magistrate judge.

argument except to the extent they further undermine it." (Doc. 99 at PageID 1792). As for its third point, Powell contends that the exhibits prove that the 1981 transaction was between General Accident and Potomac, and not the allegedly separate "US Branch." Additionally, Powell maintains that the documents are irrelevant because Aviva has not asked for an evidentiary hearing on the personal jurisdiction issue, meaning that Powell needs only to make a prima facie showing. (Doc. 99 at PageID 1793-94).

The Court will permit supplementation because in its opposition to the Motion to Dismiss, Powell argues that Aviva has submitted only "an unauthenticated and unsigned draft" of the 1981 transactional agreement. (Doc. 64 at PageID 898, 921). The supplemental records speak directly to that issue. And given Powell's arguments that the supplemental exhibits favor Powell's legal position, Powell will not be prejudiced. Judge Hopkins remains free to consider the relevance of the documents under the standard of review dictated by Rule 12, as well as whether (if they are considered) they prove or disprove Aviva's position on the merits.

Still, the Court is troubled by the long delay between the conclusion of briefing and the submission of new supplemental exhibits. To avoid unduly rewarding Aviva for its extremely tardy submission and to reduce any *possible* prejudice to Powell, the Court will grant Powell leave to file a sur-reply if desired.

### E. Powell's Moton to Compel and for Sanctions (Doc. 88) and Aviva's Cross-Motion to Stay Discovery (Doc. 96)

On March 30, 2023, Powell filed a motion to compel and for sanctions. Aviva's response in opposition is combined with a cross-motion seeking a protective order to stay

all discovery pending a ruling on its motion to dismiss. (*See* Docs. 95, 96). "District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 Fed. Appx. 139, 141 (6th Cir. 2005) (additional citation omitted). Considering the parties' respective arguments and burdens, the Court exercises its discretion to deny Powell's motion to compel and to grant Aviva's cross-motion.

### 1.  The Case for Compelling Discovery

As the moving party, Powell must show that it is entitled to the requested discovery. *See generally*, *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio, 2015). Powell's motion is based in part on its position that Aviva violated the September 14, 2022 Minute Order, which Powell describes as "expressly direct[ing] discovery to proceed." (Doc. 88 at PageID 1264; *see also id*. at PageID 1263). But as discussed above, the Court's enforceable ruling was limited to the Minute Order that required Aviva to participate in a Rule 26(f) conference. While Powell's frustration is understandable, Aviva did not violate the September 14, 2022 Minute Order.

Powell also argues under Rule 37(d)(2), Aviva should be compelled to respond to its written requests because "[a] failure [to respond to discovery requests] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Powell complains that Aviva did not file its cross-motion seeking a protective order to stay discovery until *after* Powell moved to compel, months after Powell served its requests.

13

The record reflects a more nuanced reality. Last September, Aviva lost its request to forgo the Rule 26(f) conference, but the Minute Order did not require Aviva to meet until the end of October to permit the Court additional time to rule on the pending motion. When the motion remained pending, Aviva participated in the Rule 26(f) conference as directed. The parties' report confirms that Aviva continued to seek deadlines tied to a ruling on its jurisdictional motion, while Powell sought immediate discovery on the merits.

Despite the lack of agreement or judicial ruling to resolve the dispute, Powell served its written requests (as permitted by Rule 26) soon after the Rule 26(f) report was filed. Prior to its agreed response date, Aviva sought a discovery conference with the newly assigned district judge for the express purpose of discussing whether it should be forced to respond before resolution of its motion to dismiss. Though that Notice was procedurally improper, Powell and the cross-claimants filed a responsive memorandum that expressly treated Aviva's Notice *as a motion*. The construed motion in essence seeks a protective order that would relieve Aviva of its obligation to respond to any discovery requests prior to a ruling on the motion to dismiss. In other words, Aviva filed a construed motion, to which Powell fully responded with a memorandum in opposition, well before Powell moved to compel.

### 2.  The Case for a Temporary Stay

As the party requesting a stay of discovery, Aviva must demonstrate "good cause." *See Ohio Power Co. v. Frontier N. Inc.*, No. 2:14-cv-341, 2014 WL 12586318, at *2 (S.D. Ohio Oct. 30, 2014). Powell rightly points out that courts often reject requests to stay discovery during the pendency of a motion to dismiss. And the September 2022 Minute

14

Order unequivocally rejected Aviva's attempt to further delay the Rule 26(f) conference. But at this point, Powell has served broad discovery requests, and Aviva makes a stronger case for a temporary stay.

Aviva argues that Powell "seeks massive merits discovery, not jurisdictional discovery." (Doc. 96 at PageID 1651). Powell does not deny that its requests seek information dating back many decades, including documents that harken to the alleged start of the US Branch in 1899, multiple corporate transactions since then, and information relating to 1955-1977 Policies. But Powell reasonably disputes Aviva's contention that *all* requests are burdensome, noting that some requests sought the same documents that Aviva recently tendered as supplemental exhibits. Still, the burden on Aviva in having to fully participate in broad discovery would be considerable and wasteful before resolution of the threshold jurisdictional issue presented in its motion.[14] And *if* this Court were to determine that it lacks personal jurisdiction over Aviva, Aviva could not be compelled to respond. Additionally, Aviva's engagement in broad discovery prior to resolution of its motion to dismiss on personal jurisdiction grounds "risks waiver of the very threshold personal jurisdiction defense on which Aviva's Motion to Dismiss is based. *See Innovation Ventures, LLC v. Custom Nutrition Labs*., LLC, 912 F.3d 316, 332-33 (6th Cir. 2018).

_____

[14]Countering the "wasteful" argument, Powell cites to *Ohio Valley Bank Co. v. Metabank*, No. 2:19-cv-191, 2019 WL 2170681, *2 (S.D. Ohio May 20, 2019), in which the court reasoned that discovery should not be stayed based on the assertion of a lack of personal jurisdiction because "this case will proceed somewhere." But in *Ohio Valley*, the parties were both U.S. financial institutions. That same reasoning does not hold true here. Aviva is an alien insurer based in the United Kingdom that claims not to have sold insurance in the United States.

Aviva submits that its motion is based on "distinct legal bases, for which no fact discovery is required." (Doc. 95 at PageID 1551). Notwithstanding some contrary argument made at the recent hearing and in support of its motion to compel (*see* Doc. 97 at PageID 1761), Powell has previously agreed insofar as it has urged this Court to deny Aviva's motion *without* discovery. (*See*, *e.g.*, Doc. 64 at PageID 904 (discussing Powell's slight burden to make a prima facie showing of personal jurisdiction "[b]ecause Aviva has not asked for jurisdictional discovery or an evidentiary hearing"); *Id.* at PageID 907 (arguing that Rule 12(b)(2) standard limits Court to pleadings and affidavits); Doc. 84 at PageID 1186 (reiterating that Powell needs only to meet the "relatively slight burden" of alleging that Aviva established minimum contacts with Ohio); Doc. 84 at PageID 1188 (Aviva's position that General Accident and US Branch are separate entities "does not rely on any documentary evidence; it relies only upon a distorted reading of two cases, the more recent of which was decided in 1939.")).

To be fair, Powell's arguments that discovery is not required are rooted in the legal standard of review, as well as its interpretation of case law. Powell's more recent arguments suggesting that discovery <u>is</u> relevant to resolution of the jurisdictional issues represent the flipside of the same coin -  suggesting that Aviva's motion strays too far into the merits to be decided under Rule 12. (*See* Doc. 84 at PageID 1189, "Aviva's alleged jurisdictional argument is a lightly disguised merits argument."; Doc. 97 at PageID 1761, asserting that its "requests seek documents relating to corporate creation, corporate structure, the sale or transfer of policies, and regulatory submissions are directly relevant to the determination of whether Aviva is the successor to and same legal entity as" the

16

Selling Insurer). If Powell's arguments are correct, then the Court will deny Aviva's motion to dismiss and the broad discovery it seeks on the merits may well be appropriate. But it is not an abuse of discretion to stay discovery when a preliminary legal determination can be made without discovery. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003); *see also Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 2:13-cv-1261, 2014 WL 1045994, at *2 (S.D. Ohio March 17, 2014) (quoting *In re Porsche Cars N. Am., Inc.*, 2012 WL 4361430, at *2 (S.D. Ohio Sept. 25, 2012)) (granting motion to stay merits discovery pending outcome of motion to dismiss for lack of personal jurisdiction).

Last, this case has barely progressed beyond the pleadings. Powell pins all blame on Aviva, but that is not entirely fair. Given how long the motion to dismiss has been pending and the fact that the presiding judge should be able to dispose of the threshold issues purely on legal grounds, the undersigned remains optimistic that a stay tied to resolution of that motion will be brief. Powell is unlikely to be prejudiced. Amendment of the Calendar Order is all but certain, so the Court can easily expand the time for discovery if necessary. And, while Powell complains that it is prejudiced by ongoing litigation costs that should be covered by Aviva, that issue can be addressed through an increase in damages if Aviva's motion to dismiss is denied and Plaintiff prevails at trial.

### F. Aviva's Motion to Withdraw Deemed Admissions (Doc. 102)

In a footnote in Powell's March 30, 2023 motion to compel, Powell asserts that Aviva's failure to timely respond to Powell's Requests for Admission means that those requests are "deemed admitted" under Rule 36(a)(3). (Doc. 88 at PageID 1266 n. 4). On

17

June 1, 2023, Aviva formally moved to withdraw, under Rule 36(b), "any deemed admissions" with respect to Powell's Requests for Admissions or in the alternative, to extend *nunc pro tunc* Aviva's time to respond. (Doc. 102).

The failure of a party to respond to Requests for Admission does not require a court "automatically to deem" the Requests admitted. *See United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009). Instead, a trial court retains discretion to consider the circumstances presented. In opposition to Aviva's motion, Powell complains that Aviva "willfully, knowingly and intentionally did not respond to the request for admissions." (Doc. 105 at PageID 1846). Powell has a point. On the other hand, Aviva has consistently put Powell on notice of its objections to responding to written discovery prior to resolution of its pending motion, from its original reluctance to participate in the Rule 26(f) conference, to the statements in the Rule 26(f) report that followed, to the January 13, 2023 Notice that was appropriately construed by Powell as a motion.

Aviva urges this Court to permit the withdrawal based on the "strong preference for adjudicating cases on the merits rather than on a failure to timely file answers to requests for admissions." *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209 (E.D. Mich. 2018) (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997)). Under the Rule 36(b) standard, Aviva argues that many of the "deemed admissions" go directly to the merits. (*See*, *e.g.*, Plaintiff's RFAs (Dkt. 88-2, PageID: 1318-26), at ¶¶ 26, 27 ("Admit that General Accident and [Aviva] are the same legal entity," and "Admit that [Aviva] is liable for all obligations and liabilities of General Accident")). Aviva also argues that Powell cannot show prejudice because it points to no "special difficulties"

18

it would face by being required to obtain evidence upon the withdrawal of the admissions. *Id*.

Powell persuasively points out that Aviva specifically objects to just six of the twenty-seven admissions as merits-based, suggesting no basis for withdrawing admissions to other Requests that Powell characterizes as "innocuous." (Doc. 105 at PageID 1847-1848).

On the whole, the Court finds cause for withdrawal of the deemed Admissions. That said, the issue is close due to a combination of Aviva's procedural errors and calculated decisions to delay and to forgo responding to the Requests at all. For example, Aviva waited more than two months to file its Motion to Withdraw the Deemed Admissions after Powell first put it on notice that the admissions were deemed admitted, and still offered no responses. The burden required of Aviva to respond to twenty-seven Requests for Admission is substantially less than responding to other discovery, and arguably less than the effort it has spent briefing its motion to withdraw. Therefore, despite the temporary stay of discovery that is otherwise granted in this Order, Aviva will be made to serve responses to the outstanding Requests for Admission.

### III. Conclusion and Order

For the reasons stated here, **IT IS ORDERED THAT:**

1. The Joint Motion for an Extension of Time (Doc. 82) is GRANTED through January 30, 2023;

2. The Joint Motion for a Protective Order (Doc. 86) is GRANTED. So that discovery may quickly resume following disposition of Aviva's pending Motion to Dismiss, the Court adopts Aviva's proposed Order;

3. Aviva's Notice (Doc. 83) is construed as a Motion for a Discovery Conference to discuss a possible stay. As such, the motion has been granted through the August 8, 2023 telephonic conference;

4. Aviva's Motion to Supplement the Record (Doc. 91) is GRANTED;

   a) The tendered exhibits shall be filed by the Clerk as supplemental exhibits in support of Aviva's Motion to Dismiss (Doc. 56);

   b) If desired, Powell may file a sur-reply in opposition to the Motion to Dismiss to address Aviva's supplemental exhibits. Any such sur-reply must be filed by August 31, 2023. No further briefing or supplementation will be permitted.

5. Powell's Motion to Compel and for Sanctions (Doc. 88) is DENIED;

6. Aviva's Cross-motion to Stay Discovery (Doc. 96) is GRANTED, except as directed in paragraph 8 of this Order;

7. Except as directed in paragraph 8, further discovery shall be stayed pending the Court's disposition of Aviva's motion to dismiss;

8. Aviva's Motion to Withdraw Admissions (Doc. 102) is GRANTED IN PART. The Admissions are withdrawn, subject to Aviva's obligation to serve Powell its responses to the twenty-seven Requests for Admission on or before September 8, 2023;

20

9. If any other dispute arises that relates to discovery or to this Order, the parties are to fully exhaust extrajudicial efforts to resolve their dispute prior to seeking intervention from this Court. Full exhaustion in this case includes either telephonic, videoconference, or in person contact. If unable to resolve the dispute extrajudicially, the parties must contact Bowman_Chambers@ohsd.uscourts.gov, or the undersigned's deputy clerk Kevin Moser at 513-564-7680 to request a telephonic status conference before filing any further motion.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

21